UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ESTHER BIANCO,

    Plaintiff,

v.

THE VIP SALON, INC., a Florida Corporation,
and MICHAEL BARR, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ESTHER BIANCO (hereinafter, "BIANCO" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against THE VIP SALON, INC., ("VIP") and MICHAEL BARR ("BARR") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and 26 U.S. Code §7434.

2. This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## PARTIES

5. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a hair stylist. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6. Defendant VIP is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Palm Beach County, Florida. Defendant VIP has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant VIP is a hair and beauty salon. Plaintiff was employed at Defendant's business which is located in Boca Raton, Palm Beach County, Florida.

8. Defendant BARR has been an officer of VIP at all times material hereto and, upon information and belief, is a resident of Palm Beach County, Florida. Defendant BARR is known as the Plaintiff's Supervisor. The Florida Department of State Division of Corporations lists BARR as "VP" of VIP.

9. Defendant BARR had operational control of significant aspects of VIP's day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

10. Defendant BARR also had the power to hire and fire employees of VIP, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant BARR also had the power to stop any illegal pay practices that harmed Plaintiff.

11. Defendant BARR acted and acts directly in the interests of VIP in relation to its employees and, thus, Defendant BARR was and is an employer within the meaning of Section 3(d) of the FLSA.

12. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore have employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. Defendant VIP, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Plaintiff was an employee covered by the FLSA in that she was employed by Defendants as a hair stylist. She is therefore an "employee" under 29 U.S.C. § 203(e).

16. Plaintiff should have been classified as an employee rather than an independent contractor throughout her employment because the manner in which she was to perform her work was dictated by BARR. However, Plaintiff was improperly classified as an independent contractor even though her duties and responsibilities were those of an employee. Plaintiff received a 1099 for calendar year 2019.

## GENERAL ALLEGATIONS

17. Plaintiff started working for Defendants in May 2019 and separated from employment effective mid-September 2019.

18. BIANCO was provided a Form 1099 and misclassified as an independent contractor during the entirety of her employment.

19. BIANCO performed hair stylist and related beauty services for Defendants, but never received overtime pay.

20. Plaintiff is a non-exempt employee of Defendants, subject to the payroll practices and procedures set forth hereinafter, who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. BIANCO worked approximately fifty to sixty (50-60) hours per week from the beginning of her employment in May 2019 through approximately July 2019, and later worked about thirty-forty (30-40) hours per week.

23. BIANCO was supposed to have received fifty percent (50%) of the revenues she generated from the business, but her pay was subject to improper and/or excessive deductions. Specifically, Plaintiff's weekly compensation ranged from $200.00 to $911.50. Therefore, for multiple weeks of Plaintiff's employment with Defendants, her gross pay failed to meet minimum wage.

24. Plaintiff was paid only straight time and no overtime.

25. All payments at VIP were made to the salon who then paid BIANCO.

26. At all times material hereto, Defendants controlled when Plaintiff worked, cash flow, payments, customer distribution and virtually every other aspect of the business. BIANCO was therefore an employee and not an independent contractor.

27. BIANCO is entitled to damages as set forth above; and is further entitled to her reasonable attorney's fees pursuant to 29 U.S.C. §216(b) as the damages asserted are wages due Plaintiff.

**COUNT I: VIOLATION OF FLSA/OVERTIME**
**(AGAINST ALL DEFENDANTS)**

28. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

29. Plaintiff is an employee as defined by the FLSA because Defendants controlled when BIANCO worked, the customer distribution, the way BIANCO performed her services, and virtually every other aspect of the business.

30. BIANCO worked approximately fifty to sixty (50-60) hours per week from the beginning of her employment in May 2019 through approximately July 2019.

31. Defendants paid Plaintiff straight time and never overtime. Pursuant to Section 7 of the Act [29 U.S.C. §207] BIANCO should have been compensated at a rate of one and a half times her regular rate of pay for every hour over forty which she worked in any given workweek. Defendants' failure to pay Plaintiff overtime over the course of her employment is a willful violation.

32. Defendants' failure to provide required compensation for all hours worked by Plaintiff is a willful violation within the meaning of the FLSA (29 U.S.C. §255(a)).

33. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff was not made in good faith within the meaning of the FLSA (29 U.S.C. §260).

34. Defendants also failed to accurately record, report and/or preserve records of hours worked by Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

35. As a result of the Defendants' violations of the FLSA, Plaintiff has incurred economic harm and loss.

WHEREFORE, Plaintiff requests judgment for:

    a. Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 260;

    d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FLSA/MINIMUM WAGE
## (AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

37. During Plaintiff's employment with Defendants, Plaintiff initially worked approximately fifty to sixty (50-60) hours per week, and later worked about thirty-forty (30-40) hours per week.

38. Plaintiff was to have earned fifty percent (50%) of the revenues she generated from the business. However, her pay was subject to improper and/or excessive deductions. Specifically, Plaintiff's weekly compensation ranged from $200.00 to $911.50. Therefore, for multiple weeks during Plaintiff's employment with Defendants, her gross pay failed to meet minimum wage.

39. Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

40. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

    a. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

    b. Interest on the amount found due;

    c. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e. Such other relief as the Court deems just and proper.

### COUNT III: VIOLATION OF 26 U.S.C. § 7434(a)
### (WILLFUL FILING OF FRAUDULENT INFORMATION RETURN)

41. Plaintiff re-alleges and re-avers paragraphs 1 – 27, above, as though the same were fully re-written herein, and says:

42. Plaintiff began working for Defendants in May 2019.

43. For the entire time Plaintiff was employed by Defendants, in 2019, Plaintiff was classified as an independent contractor by Defendants and was issued a Form 1099 for such year. The Form 1099 is attached hereto as Exhibit A.

44. A Form 1099 is considered an information return as defined under the law.

45. However, Plaintiff was not an independent contractor in that, *inter alia*:

   a. She was not able to work for any other companies which were not affiliated with Defendants as she was employed by them 50-60 hours per week;

   b. She was paid directly rather than through a corporation; and

   c. The manner in which she was to perform her job was completely dictated by BARR.

46. Defendants should have issued Plaintiff a Form W-2 and should have withheld Plaintiff's taxes as required by the Internal Revenue Service.

47. At all relevant times, Defendants knew that Plaintiff was not properly classified as an independent contractor because they dictated to Plaintiff the manner in which she was to perform her job and, in an effort to avoid paying taxes, willfully issued Plaintiff a 1099.

48. Plaintiff discovered that she was misclassified as an independent contractor and wrongfully issued a Form 1099 by Defendants in January 2020 when she met with her counsel.

49. This claim is filed within (1) year of that discovery and therefore, Plaintiff is owed all damages from 2019 through the present in accordance with 26 U.S.C. § 7434(c).

50. Defendants are liable to Plaintiff for an amount equal to the greater of $5,000 or the sum of her actual damages, the costs of filing this action, and reasonable attorney's fees under 26 U.S.C. § 7434(b).

WHEREFORE, Plaintiff ESTHER BIANCO requests that:

a. The Court grant Plaintiff judgment against Defendants and award Plaintiff the greater of $5,000 or the sum of actual damages, costs, and attorney's fees; and

b. Such other relief as this Court deems necessary under the law.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ESTHER BIANCO, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: February 20, 2020.

>   LAW OFFICES OF CHARLES EISS, P.L.
>   Attorneys for Defendants
>   7951 SW 6th Street, Suite 112
>   Plantation, Florida 33324
>   (954) 914-7890 (Office)
>   (855) 423-5298 (Facsimile)
>
>   By: /s/ Charles M. Eiss
>   CHARLES M. EISS, Esq.
>   Fla. Bar #612073
>   chuck@icelawfirm.com
>   TIEXIN YANG, Esq.
>   Fla. Bar #1010651
>   tiexin@icelawfirm.com